MELVILLE A. STERN, EXECUTOR, ESTATE OF LOUIS STERN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26414. Promulgated April 28, 1931.

*Henry Siegrist, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

OPINION.

TRUSSELL: The facts are stipulated. The decedent, Louis Stern, in 1910 acquired 1,800 shares of common stock of Stern Brothers for $180,000, and held such stock continuously up to the date of his death. On March 1, 1913, such stock had a fair market value of $183,258. On June 21, 1922, the said Louis Stern died, and on that

date this stock had a fair market value of $36,000. By his last will this testator appointed petitioner as his executor and in 1923, in administration of the estate, petitioner sold the 1,800 shares of stock in question for $72,000, and in making his return of income for the estate for that year deducted $108,000, or the difference between the original cost and sale price of the stock as a loss sustained in that year. Respondent disallowed this deduction and, upon the basis of the value of the stock as of the date of the testator's death, determined a gain of $36,000 as realized upon its sale, increased the gross income of the estate by this amount, and by this adjustment determined the deficiency of $7,462.97 for the year 1923, here in issue.

In *Dorothy Payne Whitney Straight*, 7 B. T. A. 177, which case arose under the Revenue Act of 1918, we held that the basis for determining the gain or loss on sale by an executrix of assets of an estate was the value of such assets as of the date of the testator's death, and the theory under which such conclusion was reached applies with equal force under the provisions of the Revenue Act of 1921 which govern the case at bar. In many instances following the decision of this case we have had this same question presented under the Revenue Acts of 1918, 1921, and 1924, and have applied the same construction. *Charles G. Barnes et al.*, 8 B. T. A. 360; *Walter R. McCarthy*, 9 B. T. A. 525; *George B. Markle, Jr., III, et al.*, 10 B. T. A. 763; *Gustave E. Anderson*, 10 B. T. A. 1376; *Elizabeth Guthrie Heywood et al.*, 11 B. T. A. 29; *William K. Vanderbilt et al.*, 11 B. T. A. 291; *Jennie L. Miller*, 11 B. T. A. 854; *Frank H. Clark*, 12 B. T. A. 425; *Blanche O'Brien et al.*, 12 B. T. A. 1195; *William P. Blodget*, 13 B. T. A. 1243; *William A. Richards*, 15 B. T. A. 800; *Russel Wolfe*, 15 B. T. A. 835; *Central Trust Co.*, 19 B. T. A. 867. In *Bankers Trust Co.* v. *Bowers*, 23 Fed. (2d) 941, the same conclusion was reached by the Court in a case arising under the Revenue Act of 1926, the provisions of which, pertinent to the question here presented, are the same as the act here involved.

In *Brewster* v. *Gage*, 280 U. S. 327, there was presented the question as to whether, for purposes of section 202 (a) (3) of the Revenue Act of 1921, the acquisition of property by a legatee was upon his decedent's death or distribution to him by the executor. Although the question there presented is not the same, the Court, in reaching its conclusion that the property was acquired as of the date of death, called attention with approval to the consistent application by the Commissioner of the rule laid down in the above cited cases in determining gain or loss in cases of sales by the personal representative in administering the estate.

*Judgment will be entered for the respondent.*